UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN ANTONIO ALFARO NAVA, *et. al*, on
behalf of themselves and others similarly
situated,

       Case No. 08-10875

    Plaintiffs,

       Honorable John Corbett O'Meara

v.

BELFOR USA GROUP, INC.,

    Defendant.
                            /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND
DENYING AS MOOT DEFENDANT'S MOTION TO EXTEND TIME TO FILE ANSWER**

      This matter came before the court on defendant Belfor's March 28, 2008 motion to dismiss or, in the alternative, to transfer venue. Plaintiffs filed a response April 18, 2008; and Defendant filed a reply April 30. 2008. Defendant also filed a motion for extension of time to file an answer May 2, 2008, to which Plaintiff filed a response May 16, 2008. Pursuant to Local Rule 7.1(e)(2)(E.D. Mich. Dec. 1, 2005), no oral argument was heard.

**BACKGROUND FACTS**

      Defendant Belfor is a Michigan corporation, a general contractor specializing in emergency response that hires numerous subcontractors to perform restoration and reconstruction services such as the clean-up of Ground Zero after September 11, 2001, and projects for individual homeowners such as those following the aftermath of Hurricanes Katrina and Rita along the Gulf Coast. The subcontractors perform all types of work, including demolition, electrical, plumbing, roofing, drywall, framing, painting, and fabric treatment.

In a lawsuit filed in the United States District Court for the Eastern District of Louisiana in February 2006, the complaint alleged that Belfor's subcontractors had failed to pay workers overtime wages owed on Belfor jobs pursuant to the Fair Labor Standards Act ("FLSA"). Xavier v. Belfor USA Group, Inc., No. 06-0491, (E.D. La. 2006). A settlement agreement was reached between the plaintiffs and Belfor and approved by the court. In that order, the court also certified, for settlement purposes, a collective action.

On October 11, 2006, individuals filed another suit in the Eastern District of Louisiana against Belfor and one of its subcontractors, again alleging violations of the FLSA regarding overtime wages. Obando v. Belfor USA Group, Inc., No. 06-7804, (E.D. La. 2006). Obando was brought as a collective action under the FLSA. Through a series of amended complaints, the plaintiffs expanded the proposed collection to include all workers on Belfor projects throughout the United States over the last three years; and the two cases, Xavier and Obando, have been consolidated due to overlapping issues of law and fact.

More than a year after Obando was filed, two individuals filed suit in the United States District Court for the Southern District of Florida, alleging that Belfor subcontractors failed to pay overtime wages in violation of the FLSA. Magliano v. Belfor USA Group, Inc., No. 07-61783, (S.D. Fla. 2007). That court recently denied defendant Belfor's motion to transfer venue to the Eastern District of Louisiana. Plaintiff's Ex. E.

The instant suit was filed nearly 17 months after the Obando action. Plaintiff Nava, a resident of Illinois, again alleges that Belfor's subcontractors failed to pay overtime as provided by the FLSA. The complaint defines a proposed collective class of individuals employed by Belfor "at various projects throughout the United States over the last three years." Complaint at ¶ 31. The complaint

further alleges violations of the laws of the following 11 states: Delaware, Indiana, Kentucky, Maine, Massachusetts, Michigan, New Jersey, New York, South Carolina, Texas and Wisconsin. The cases filed in Louisiana alleged violations of the laws of California, Illinois, Pennsylvania, Louisiana and Ohio.

In this motion defendant Belfor moves for dismissal of the action or, in the alternative, to transfer venue to the Eastern District of Louisiana. Belfor contends that "identical collective action litigation involving identical FLSA issues is currently pending" in Louisiana. Defendant's br. at 1. Defendant suggest that "[i]t would be an inefficient and wasteful use of judicial and party resources to allow this action to continue [in the Eastern District of Michigan]." Id. at 2.

Plaintiffs complain that "[t]he Obando lawsuit in Louisiana has languished since February 2006 with little to no substantive activity." Plaintiffs' br. at 1. Although Plaintiffs further maintain that the Louisiana suits "have not progressed beyond the point of the filings of initial pleadings and early motion practice" Defendant points out that there have been 246 docket entries in the Obando suit. Plaintiffs also concede that none of the plaintiffs in this action is a Michigan citizen and that plaintiff Nava, a citizen of Illinois, is the only named plaintiff who ever worked on a Belfor job in Michigan.

## LAW AND ANALYSIS

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts." Innovation Ventures, L.L.C. v. Custom Nutrition Labs., L.L.C., 534 F. Supp. 2d 754, 755 (E.D. Mich. 2008). The rule provides that when duplicative lawsuits are pending in separate federal courts, the entire action should be decided by the court in which an action was first filed. Id. The district court should consider the following three factors when determining whether to apply the

rule: 1) the chronology of the actions, 2) the similarity of the parties involved, and 3) the similarity of the issues at stake. Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005). The crucial inquiry is whether the parties and issues substantially overlap; they need not be identical. Id.

In this case, there is no dispute that the Louisiana consolidated cases, Xavier and Obando, were filed over a year earlier than this lawsuit. In fact, Antonio Nava, the first named plaintiff in this suit, initially opted-in to the Xavier court-administrated settlement, though, Plaintiffs' counsel advises the court that he has now withdrawn. The complaint in this case is nearly identical to the one filed in Obando, alleging the same type of practices by defendant Belfor on behalf of the same group of individuals. The plaintiffs in all of these actions are "effectively identical." Fuller, 370 F. Supp. 2d at 688.

The only distinction among these suits, as pointed out by Plaintiffs, is that the cases assert state law claims under the laws of different states. The court in the Eastern District of Louisiana, however, is as capable of dealing with those claims as is this court.

It should be noted that since the time this motion was filed, a similar motion to transfer venue to the Louisiana court was denied in Magliano v. Belfor USA Group, Inc., No. 07-61783, (S.D. Fla. 2007). In that case, however, the plaintiffs were citizens of Florida; and the jobs at issue had been performed in Florida. This court is not presented with such a set of circumstances. Therefore, the court will grant defendant Belfor's motion to transfer based on the first-to-file rule. Accordingly, the motion to extend time to answer the complaint will be denied as moot.

# **ORDER**

It is hereby **ORDERED** that defendant Belfor's March 28, 2008 motion to transfer venue is **GRANTED.**

It is further **ORDERED** that defendant Belfor's May 2, 2008 motion to extend time to answer is **DENIED AS MOOT**.

It is further **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer this action to the United States District Court for the Eastern District of Louisiana.

s/John Corbett O'Meara
United States District Judge

Date:  June 10, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 10, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager